IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

MITCHELEEN FILESTEEL. Personal Representative of the Estate of Camaron Filesteel,

Plaintiff,

vs.

UNITED STATES OF AMERICA, VISTA STAFFING SOLUTIONS, INC., NAVTEJPAL SINGH KAHLON and JOHN DOES 1-20,

Defendants.

---

UNITED STATES OF AMERICA,

Cross Claimant,

vs.

VISTA STAFFING SOLUTIONS, INC.,

Cross Defendant.

CV-25-107-GF-JTJ

ORDER

On June 1, 2026, Defendant/Cross Claimant, United States of America (United States) filed a Crossclaim against Defendant/Cross Defendant Vista Staffing Solutions, Inc. (Vista). (Doc. 23). On June 11, 2026, Vista filed a Motion to Dismiss the United States's Crossclaim. (Doc. 24). On July 16, 2026, the United States filed

a Motion for Leave to File Amended Crossclaim. (Doc. 29).

United States seeks to amend its original Crossclaim, which alleged a claim for contractual indemnity (Doc. 23), with an Amended Cross Claim that asserts claims for common law indemnity and contribution. (Doc. 29). The proposed Amended Crossclaim also seeks to add Defendant Navtejpal Singh Kahlon (Kahlon) as a Cross Defendant. (Id). The United States has filed briefs in support of its motion. (Docs. 30 and 40). Vista and Kahlon oppose the filing of the Amended Crossclaim. (Doc. 36).

The Court's Scheduling Order required all amendments of pleadings to be filed on or before June 1, 2026. (Doc. 22). Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." In determining whether good cause exists, a court "considers primarily the diligence of the party seeking the amendment. *Hawk-Beauchman v. Romo*, 2015 WL 12780572, at * 1 (D. Mont. Jan, 22, 2015), quoting *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609. (9th Cir. 1992).

United States contends it acted with diligence by filing its original Crossclaim by the Court's June 1, 2026, deadline and then filing its proposed Amended Crossclaim within the time allowed to respond to Vista's Motion to Dismiss its original Crossclaim. (Doc. 40, pp. 4-5). The United States contends that one way to show good cause is if the opposing party was already on notice of the reason for the

amendment. (Id.). Since the Cross Defendants were on notice as of June 1, 2026, that the United States was seeking to assert a crossclaim, the United States argues it has met the good cause standard. (Id.). The United States contends that having shown good cause under Rule 16(b), the court should then consider its amendment under Fed. R. Civ. P. 15 (a)(2)'s more liberal standard. *Ronan Tel Co. V. Verizon Select Srevs., Inc*., 340 F.R.D. 167 (D. Mont. 2021).

Under Rule 15(a)(2), courts should freely give leave to amend when justice so requires. "Amendment should be permitted unless the opposing party makes a showing of 'undue delay, bad faith…, undue prejudice … or futility of amendment." *Schwartz v. Miller*, 153 F.4th 918, 932, (9th Cir. 2025), citing *Foman v. Davis*, 371 U.S 178, 182 (1962)). Consideration of prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th Cir. 2003).

Vista and Kahlon contend that United States was not diligent because it could have made its common law indemnity and contribution claims as alternative claims in its original cross-claim asserting contractual indemnity and only requested to file its amended cross-claim when faced with a motion to dismiss its original cross-claim. (Doc. 36, pp. 5-6). Vista and Kahlon further argue that the amended cross motion is subject to dismissal and therefore futile and will prejudice their ability to settle this case. (Id., pp. 7-17).

United States argues that Cross Defendants, Vista and Kahlon, will not be prejudiced by granting its motion to file an Amended Cross Claim because the substituted claims do not place any greater burden of them then the original Cross Claim. (Doc. 40, pp. 9-10). Further, there has been no substantive activity before the Court between the filing of the original Crossclaim and the Motion for Leave to file the Amended Cross Claim. (Id). United States also argues that its amendment is not futile as it is allowed under Fed. R. Civ. P. 13 and pleading statutory contribution and common law indemnity as alternative causes of action is expressly allowed under Fed. R. Civ. P. 8(a)(3). (Id., pp. 8-9).

The Court agrees. United States acted diligently in seeking to amend its Cross Claim following Vista's Motion to Dismiss. The Amended Cross Claim is not futile and will not prejudice Vista and Kahlon.

Accordingly,

IT IS ORDERED that "United States Motion for Leave to File Amended Crossclaim" (Doc. 29) is GRANTED.

IT IS FURTHER ORDERED that "Defendant and Cross Defendant Vista Staffing Solutions, Inc.'s Motion to Dismiss Cross-Claimant United State of America's Cross Claim" (Doc. 24) is DENIED AS MOOT.

DATED this 1st day of October 2026.

John Johnston
United States Magistrate Judge